

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-21-00220-CR

ANTONIO ESCOBEDO, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 358th District Court
Ector County, Texas
Trial Court No. C-19-0843-CR, Honorable John Shrode, Presiding

February 3, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Antonio Escobedo Jr., appeals from a judgment adjudicating his guilt, revoking his community supervision and sentencing him to a state jail facility for twenty-three months for the state jail offense of abandoning or endangering a child. On May 31, 2019, the trial court placed appellant on deferred adjudication for three years. In July of 2021, the State moved to adjudicate guilt and revoke his community supervision. The State alleged four violations of his community supervision. Appellant pled "true" to all four allegations. The court accepted his plea to the four violations, conducted a short hearing

whereat appellant and the officer who supervised him testified. The only issue involved the length of his sentence. The hearing resulted in appellant's conviction and assessment of the aforementioned term. After perfecting an appeal, his appointed counsel filed an *Anders* brief and a motion to withdraw.[1] We grant counsel's motion and affirm the trial court's judgment.

Counsel certified that he conducted a conscientious examination of the record, and, in his opinion, the record reflected no reversible error upon which an appeal could be predicated. *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In a letter to appellant, his counsel notified him of his motion to withdraw and provided him with a copy of the motion and his *Anders* brief. He also provided appellant with a copy of the appellate record and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised appellant of his right to file a pro se response. Appellant did not file a response.

Proof of a single violation of a condition of community supervision supports a trial court's decision to revoke supervision, *Sharp v. State,* No. 07-19-00409-CR, 2020 Tex. App. LEXIS 7124, at *4 (Tex. App.—Amarillo Sept. 2, 2020, pet. denied) (mem. op., not designated for publication), as does a plea of true to a violation. *Sanchez v. State*, No. 07-13-00379-CR, 2014 Tex. App. LEXIS 3211, at *2 n.5 (Tex. App.—Amarillo Mar. 24, 2014, no pet.) (mem. op., not designated for publication).

---

[1] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

To reiterate, appellant pled true to the violations alleged by the State and received a sentence within the statutory range for his offense. Thus, sufficient evidence supports the adjudication of his guilt, and the ensuing sentence is lawful. Furthermore, our own independent search of the record uncovered no arguable issues meriting review, except as follows.

In reviewing the record, we noticed that the judgment adjudicating guilt assessed a fine of $750.00. No such fine was orally pronounced by the trial court when sentencing appellant. Rather, it was assessed when the trial court originally deferred the adjudication of guilt. Yet, a judgment adjudicating guilt sets aside a fine levied through an earlier order deferring guilt if the fine is not again orally pronounced when adjudicating guilt. *Davis v. State*, No. 14-20-00290-CR, 2021 Tex. App. LEXIS 2481, at *8 (Tex. App.—Fort Worth Apr. 1, 2021, pet. ref'd) (mem. op., not designated for publication). Thus, the fine at bar must be deleted.

This Court has the power to modify the judgment of the trial court to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Montoya v. State*, No. 07-11-00492-CR, 2012 Tex. App. LEXIS 5543, at *9–10 (Tex. App.—Amarillo July 11, 2012, no pet.) (mem. op., not designated for publication). That is, appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record. *Montoya*, 2012 Tex. App. LEXIS 5543, at *9–10. That power is not dependent upon the request of any party; nor does it turn on the question of whether a party has or has not objected in the trial court. *Id.*

Accordingly, we reform the judgment adjudicating guilt to redact from it the assessment of a $750.00 fine.  We also reform the bill of costs to remove reference to the fine.  So reformed, we affirm the judgment adjudicating guilt and grant counsel's motion to withdraw.[2]

Brian Quinn
Chief Justice

Do not publish.

---

[2] Counsel, shall, within five days after this memorandum opinion is handed down, send appellant a copy of the opinion and judgment, along with notification of appellant's right to file a pro se petition for discretionary review.  *See* TEX. R. APP. P. 48.4.  This duty is an informational one only.  Counsel has no duty to provide further representation to appellant.